### W. BOYD, SR., V. GEORGE E. MILLER ET AL.

#### Decided November 4, 1899.

**1. Evidence—Secondary Sufficient, When.**

The testimony of a witness to the facts that a certain judgment was rendered, with foreclosure of lien on land and an order of sale thereon issued, is sufficient to support a finding of such facts, where no objection was interposed to the evidence on account of its secondary character.

**2. Trespass to Try Title—Possessory Right.**

Where an owner of land whose title is derived from one who claimed by prior possession merely has himself not been in possession of the land for a number of years, this fact will not defeat his right to recover against a mere trespasser.

**3. Limitation—Breaks in Possession.**

A plea of title to land by limitations is not sustained where the evidence shows breaks in the claimant's possession.

**4. Tax Deeds—Prerequisites Must Be Shown.**

In the absence of proof that the prerequisites of the law have been complied with, tax deeds do not show title to realty.

APPEAL from Upshur. Tried below before Hon. J. G. RUSSELL.

*Buie & Simpson* and *F. J. McCord,* for appellant.

*Barnwell & Eberhart,* for appellee.

RAINEY, ASSOCIATE JUSTICE.—The conclusions of fact of the court below are supported by the evidence, and the same are here adopted as the conclusions of this court.

*Conclusions of Law.*—1. There is no error in the finding of the court that an order of sale and execution issued out of the District Court of Upshur County on the 26th day of April, 1852, in favor of Ebenezer and Mary Ann Miller against Alfred M. McBrayer and wife.

The testimony of Geo. E. Miller, one of the plaintiffs, shows that Ebenezer and Mary Ann Miller recovered a judgment against McBrayer in the District Court of Upshur County on a note given by McBrayer for the purchase money of the lot in controversy; that said lot was sold by the sheriff of said county to satisfy said judgment, and at said sale Ebenezer and Mary Ann Miller became the purchasers of the lot and went into possession thereof. This testimony, as far as the record shows,

was not objected to. This testimony, though secondary in its character, having been introduced without objection, was sufficient to authorize the finding of the court.

2. The evidence supports the finding of the court that plaintiffs did not show a connected chain of title from the sovereignty of the soil to themselves.

3. The court based its judgment on the ground that plaintiffs deraigned title through McBrayer, who had prior possession of the land, and defendant not showing title in himself could not recover. This finding is attacked by appellant, his contention being that as the Millers or McBrayer did not have possession of the lot after 1853, possession had been abandoned by plaintiffs, and no right to the land existed in them by reason of McBrayer's possession.

It is well settled that one having prior possession of land can recover against a trespasser by proof merely of such possession. But the question arises, can one holding title under a prior possessor maintain an action against a trespasser when the one so holding title has not been in actual possession for a long number of years?

In the case of Keys v. Mason, 44 Texas, 140, Chief Justice Moore holds that a plaintiff can recover by showing "merely a prior possession to that under which the defendant claims, with a regular chain of title connecting himself with such possession." This rule has been since adopted and followed by the cases of Caplen v. Drew, 54 Texas, 493, and Watkins v. Smith, 91 Texas, 589. In the last case just cited Chief Justice Gaines, in speaking of prior possession being prima facie evidence of title against a wrongdoer, says: "It is not a rule of property. It is a mere rule of evidence, and is founded upon the principle that since ownership is a usual concomitant of possession, it is a reasonable prima facie inference that the possessor of property is the owner of such property." It follows from the foregoing that when plaintiffs connected themselves with the prior possession of McBrayer by purchase of McBrayer's interest in the land under sheriff's sale when McBrayer held possession, and the defendant not showing a superior title in himself, they were entitled to recover. Under this view of the case it is immaterial whether or not the deed from Cartwright to the commissioners of Upshur County embraced the lots in controversy. McBrayer was shown to have been in possession of the lots sued for, and the description or want of description of the land in said deed in no way affects the question of plaintiffs' right of recovery by connecting themselves with the possession of McBrayer.

4. There is no error in the finding of the court that appellant had not acquired title to the lots by limitation, the evidence showing breaks in his possession.

5. The tax deeds introduced showed no title in defendant, there being an absence of proof that the prerequisites of the law had been complied with.

6.   Under the facts we are of the opinion that defendant made improvements in good faith as found by the court, and was entitled to judgment for the value thereof.

7.   There is no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.