### G. L. McAdams et al. v. J. B. Hooks et al.

Decided June 22, 1907.

**1.—Trespass to Try Title—Prior Possession.**

A plaintiff in trespass to try title sequestrated the land in controversy, dispossessed the defendant, replevied the land, took possession of the same and then dismissed his suit. The defendant in said suit then filed suit of trespass to try title against the plaintiff in said suit for the same land. Held, that the plaintiff in the second suit was not required to deraign title from the sovereignty of the soil, but was entitled to recover on his former possession.

**2.—Same—Pleading Title Specially—Limitation.**

Where a plaintiff in trespass to try title specially pleads a title by limitation, the rule confining a party to the title specially pleaded, does not apply.

**3.—Charge—Omission—Requested Charge.**

Where the charge of the court entirely omits an issue made by the pleading and the evidence, a requested charge upon the issue, although in itself erroneous, will be sufficient to call the attention of the court to the omission and require a correct charge upon the issue.

**4.—Limitation—Boundaries of Possession.**

A mere naked claim by limitation to 160 acres, without anything to show where it was located further than that it was to include the improvements, is not sufficient to extend the claimant's possession beyond the land actually enclosed.

Appeal from the District Court of Hardin County. Tried below before Hon. L. B. Hightower.

*John J. O'Fiel,* for appellants.—The proof of the prior occupancy and possession of appellants to the 160 acres of land sued for in their petition, fully sustained by the evidence herein, and by deed of record, was sufficient to entitle them to recover the right and title of possession to the 160 acres, to be taken out of the southwest corner of the Thomas J. Hatton survey of 477 acres, which was easily designated; and improvements shown to be upon the southwest corner of said survey, in a square. The defendants failed to show any right or title to any portion of said land in themselves, and all the evidence tended to

establish that their possession was taken by force and fraud and without legal sanction or authority. McDaniel v. Martin, 25 S. W. Rep., 1041; Arnold v. Ellis, 20 Texas Civ. App., 271; Walter Parker v. Ft. Worth & Denver City R. R., 71 Texas, 132; Alexander v. Gilliam, 39 Texas, 228; Wilson v. Palmer, 18 Texas, 592; Burt v. Parjaud, 99 U. S., 180; Duren v. Strong, 53 Texas, 379; 2 Greenleaf on Evidence, sec. 618; Wingo v. Jones, 1 Texas Ct. Rep., 287.

The presumption of title in the possessor is indulged in favor of quieting the land titles of this country, and to support the possession and right of those who under claim of right, hold such possession, but whose chain of title is not complete in all its parts. Magerstadt v. Lambert, 39 Texas Civ. App., 472; Watkins v. Smith, 91 Texas, 592; Hennie & Meyers v. Moultrie, 97 Texas, 216; State v. Patterson, 17 Texas Civ. App., 232; House v. Reavis, 89 Texas, 626; Blum v. Gaines, 57 Texas, 135, 140; Veatch v. Gray, 41 Texas Civ. App., 145; Link v. Bland, 16 Texas Ct. Rep., 616; Snow v. Starr, 75 Texas, 411; Hunnicutt v. State, 75 Texas, 233; Texas & Pac. Ry. Co. v. McCoy, 31 S. W. Rep., 304; International & G. N. Ry. Co. v. Hall, 12 Texas Civ. App., 17; Galveston, H. & S. A. Ry. Co. v. Faber, 77 Texas, 153; Morris v. Travelers' Ins. Co., 43 S. W. Rep., 898.

A party is presumed to produce the best evidence he can, 40 Texas, 180.

The court erred in telling the jury that a person occupying land with intention of claiming same by limitation, must claim by designated metes and bounds and must specifically designate the land he intends to claim and acquire title to—that a mere mental process— that he intends to claim a certain amount of land without designating by special metes and bounds what land he intends to acquire by limitation, or does not in some other way definitely fix the boundaries of the land he intends to hold and acquire title to, will not put in motion the statutes of limitation of ten years, and would not be an adverse possession. Gillespie v. Jones, 26 Texas, 346; Craig v. Cartwright, 65 Texas, 422; Veatch v. Gray, 41 Texas Civ. App., 145; Brown v. Chambers, 63 Texas, 131.

*Dies, Singleton & Dies* and *Greer, Minor & Miller,* for appellees.— The charge requested was properly refused, because appellant's own proof showed he had no title, and he thereby broke the force of the presumption of a title arising from a prior possession. House v. Reavis, 89 Texas, 626; approved by the Supreme Court, 89 Texas, 639, so far as the correctness of counter-proposition is concerned; Bates v. Bacon, 66 Texas, 348; Mann v. Hossack, 96 S. W. Rep., 767; Austin v. Espuela Land & Cattle Co., 77 S. W. Rep., 830; Collyns v. Cain, 9 Texas Civ. App., 200; Robertson v. Kirby, 61 S. W. Rep., 967; Baker v. Branch, 70 Texas, 190; Brewer v. Cochran, 17 Texas Ct. Rep., 800.

The appellants, having specially pleaded their title; viz., title under the ten years statute of limitation, through the deed from D. H. Hamilton and wife, they were restricted to that title, and the evidence on the issue of limitation being conflicting, the requested charge

was properly refused. Pilcher v. Kirk, 55 Texas, 215; Joyner v. Johnson, 84 Texas, 465; Donavan v. Ladner, 3 Texas Civ. App., 206; Hays v. Gallaher, 21 Texas Civ. App., 90; St. Louis, A. & T. Ry. Co. v. Whitaker, 68 Texas, 633.

Possession to raise a presumption of title must be actual and must be so clearly defined as to give the claimant the exclusive dominion of the property. Lynn v. Burnett, 34 Texas Civ. App., 335; Titel v. Garland, 99 Texas, 201; Western Union Tel. Co. v. Hearne, 7 Texas Civ. App., 70; Page v. O'Brien, 36 Cal., 559.

The requested charge was properly refused because the land claimed in plaintiffs' petition was not described so that it could be identified, and the boundaries of their possession being undefined and indeterminate, as shown by the evidence, the plaintiffs had no standing in court, and defendants were entitled to a verdict and judgment as a matter of law. Titel v. Garland, 99 Texas, 201; Harmon v. Callahan, 35 S. W. Rep., 707; Giddings v. Fischer, 97 Texas, 184; Halley v. Fontaine, 33 S. W. Rep., 262.

Dennis Hamilton's improvements covering two surveys, and he having elected to claim 160 acres on the Hamilton survey, he could have no title to the land on the Hatton survey, except to the extent of his actual inclosures, and the special charge requested was therefore properly refused. Snow v. Starr, 75 Texas, 419; Mooring v. Campbell, 47 Texas, 37; Titel v. Garland, 99 Texas, 201.

If it be conceded that plaintiffs did and can rely upon the presumption of title arising from possession, still the burden was on them to prove such possession as would give rise to the presumption of title, and show the limits of such possession. Brewer v. Cochran, 17 Texas Ct. Rep., 800; Bates v. Bacon, 66 Texas, 348; Robertson v. Kirby, 61 S. W. Rep., 967; Western Union Tel. Co. v. Hearne, 7 Texas Civ. App., 70.

REESE, ASSOCIATE JUSTICE.—G. L. McAdams and his wife, Jennie McAdams, instituted this suit against J. B. Hooks, H. A. Hooks, S. W. Smith, Jack Dies, L. G. Roberts and Ed Carroll, to recover 160 acres of land out of the Hatton survey of 477 acres. He also sought to recover damages for the wrongful and malicious suing out of a writ of sequestration by J. B. Hooks, in a certain suit instituted by him against plaintiff McAdams for the land, and the wrongful, malicious and oppressive dispossession of himself and his wife from their home, under said writ. Plaintiffs set up fully the fact that they were in possession of the land as their homestead when they were so dispossessed under the writ of sequestration, and that having by this means ousted plaintiffs of their possession, appellee Hooks took possession of the property, and, without having any citation issued in said suit, afterwards dismissed the same. Plaintiffs further pleaded that G. L. McAdams bought the land from one Dennis Hamilton, by whom it was conveyed to him, and that he had good title under the statute of limitations of ten years, counting his own possession in connection with that of the said Dennis Hamilton.

Defendants pleaded the general issue and "not guilty." The other defendants, except Hooks, Dies and Smith, seem to have been made parties on account of their connection with the execution of the writ of sequestration.

Upon trial, with a jury, there was a verdict for defendants from which plaintiffs appeal.

In their brief appellants expressly waive any and all right or claim to the damages sued for, on account of their unlawful ejectment from their home, and no further reference will be made to that branch of the case.

Upon the trial the appellants requested the court to give the following charge:

"The jury are instructed that if they believe from the evidence that the defendant, J. B. Hooks, who was plaintiff in cause No. 1336, wherein he was plaintiff, and G. L. McAdams was defendant, got possession of the one hundred and sixty acres of land in this suit, by taking the same under the writ of sequestration issued out of cause No. 1336, and afterwards dismissed that suit, he would occupy now in this suit the place of plaintiff and would be required to show he held superior title to the land by a regular chain of title from the sovereignty of Texas down to himself, and unless you find he had so shown himself to be the owner of the superior title, that G. L. McAdams and wife, plaintiffs herein, are entitled to recover the 160 acres of land out of the southwest corner of the Thomas J. Hatton survey, so as to include their improvements." The refusal to give this charge is assigned as error.

The evidence showed that the appellants were in possession of a part of the land sued for, consisting of an enclosed and cultivated farm of 15 or 20 acres, with a dwelling house in which they were living, and which they had been so occupying, cultivating the farm, for several years before they were dispossessed under the writ of sequestration hereinafter referred to; that J. B. Hooks brought suit against appellants for the title and possession of the land, and sued out a writ of sequestration; that under this writ appellants were by the sheriff, with the active assistance of the said Hooks and other defendants, forcibly and violently ejected from the house and premises; that after having this done Hooks made a replevy bond and took possession of the property; that after getting possession he made no attempt to have citation issued or served upon appellants, defendants in said sequestration suit, but dismissed the same, and that he still holds possession of the property under the possession thus acquired.

At the trial defendant Hooks offered no evidence of title in himself, relying upon appellants' failure to show title under his plea of limitation as specially pleaded by them.

Upon this evidence appellants were entitled to recover, under their former possession, from which they had been ousted under the writ of sequestration, the land actually held and possessed by them, that is, the enclosed farm and improvements. (Parker v. Ft. Worth & Denver City Ry. Co., 71 Texas, 133.)

When Hooks abandoned and dismissed his suit, in which the writ

of sequestration was issued under which he secured the possession held by appellants, appellants should have been reinstated in their possession, with all the advantages accruing to them from such a condition. They should have been considered, upon the trial, as still in possession, and as against appellees, who showed no title and who were mere trespassers after the dismissal of the sequestration suit, they were entitled to recover upon such possession alone, the land and premises so held by them, which embraced the land actually enclosed.

The evidence strongly tends to show that the suit was instituted against appellant by Hooks, and the property seized under the writ of sequestration, not in good faith, for the purpose of the prosecution of that suit, but really as a means of ousting appellants and getting possession of the property, and in this manner depriving them of the advantage of defending a suit from the vantage ground of such possession. Appellees can not be allowed thus to deprive appellants of the right going with their possession.

Appellees contend, in their brief, that having pleaded their limitation title appellants thereby waived all other right to recover the land, including their right based upon the former possession. In their petition appellants set out such former possession, and the ouster by appellees, as well as their title by limitation, and if the authorities relied upon by appellees were applicable in a case where the special title pleaded is a limitation title, it might fairly be said that appellants, by the allegations of their petition, sought to recover as well upon their former possession, specially pleaded, as upon the limitation title. It has been held, however, that where the title specially pleaded is a title by limitation the rule confining a party to the title thus specially pleaded does not apply. (Mayers v. Paxton, 78 Texas, 199.)

This issue is not presented at all by the charge of the court. In such case, while the charge requested by appellants is not correct in the form presented, it was sufficient to call the court's attention to the issue, which appellants had the right to have submitted to the jury, and to require a correct charge upon the point. (Gulf, C. & S. F. Ry. Co. v. Cusenberry, 86 Texas, 532; Williams v. Emberson, 22 Texas Civ. App., 525; Leeds v. Reid, 36 S. W. Rep., 349; for other cases on the point, see 5 Green's Texas Digest, 10863.)

The requested charge is incorrect in that it includes the entire 160 acres claimed by appellants. The evidence shows that their possession was confined to the land actually enclosed. Neither by the terms of any written instrument, nor in any other way, does it appear that either appellants or Dennis Hamilton claimed any specified land outside of the actual enclosure. The mere naked claim to 160 acres, without anything to show where it was located, further than that it was to include the improvements, was not sufficient to extend appellants' possession beyond the land enclosed. This principle also applies to appellants' claim of title by limitation.

Under the evidence as presented in the record it is doubtful if it presented the issue of limitation except as to the land under enclosure. (Titel v. Garland, 99 Texas, 201; Giddings v. Fischer, 97 Texas, 184.) In their brief appellants refer to the deed from Dennis

Hamilton as describing the 160 acres as being in the southwest corner of the Hatton survey. This is incorrect. The land is described as "160 acres covering my field on the Hatton survey of land." There is nothing to show any more definite claim than this by either Dennis Hamilton or appellants.

None of the other assignments present any error of which appellants can complain.

For the error pointed out in failing to charge on the issue of appellants' right to recover the land, embraced within their enclosure, upon their former possession, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Application for writ of error dismissed.