## J. C. HUTCHESON v. J. W. CHANDLER ET UX.

### Decided June 24, 1907.

**1.—Parol Gift of Land—Requisites.**

To sustain a parol gift of land one of the requisites is that possession must be taken, and improvements of some material and substantial value, as compared with the value of the land, must be made upon the land by the donee, with the acquiescence of the donor, upon the faith of the parol gift.

**2.—Same—Improvements after Death of Donor.**

Improvement made by the donee upon land, claimed under a parol gift, after death of the donor can not be said to have been made with the acquiescence of the donor and hence are of no avail to the donee to sustain the gift.

**3.—Same—Value of Improvements.**

Evidence as to the character and value of improvements considered, and held insufficient to support a parol gift of land.

**4.—Limitation—Use of Premises.**

Enclosing the lot in controversy, planting a few trees and rose bushes, occasional use for pasturage purposes, building a chicken house and woodshed and storing some barbed wire and other trifling articles would not be such use or enjoyment of the premises as would support the statute of limitation.

**5.—Same—After Acquired Title.**

Limitation will continue to run in favor of defendants in possession as against a title acquired by plaintiff after suit filed until plaintiff pleads such title.

**6.—Same—Cotenants.**

Where, after-filing suit plaintiff acquires the title of only one of several cotenants and pleads the same, the filing of such plea will stop the running of the statute so far as the interest acquired by the plaintiff is concerned, but not as the other interests.

**7.—Trespass to Try Title—Pleading Title—Effect.**

When in trespass to try title the defendant specially pleads his title the effect is simply to limit him to proof of the title so plead; it does not relieve the plaintiff of the necessity of proving title in himself.

Appeal from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*Hutcheson, Campbell & Hutcheson,* for appellant.—That a (pretended) parol gift of the land in 1891, followed by possession taken years afterwards, and after the death of the donor, and improvements, if any, made long after his death, furnishes no case sustaining a parol gift of the land vesting title in the donee. Zallmanzig v. Zallmanzig, 24 S. W. Rep., 946; Baker v. DeFreese, 2 Texas Civ. App., 529; Newcomb v. Cox, 66 S. W. Rep., 340; Williams v. Chandler, 25 Texas, 10; Pomeroy, Specific Performance of Contracts, secs. 126-131; Murphy v. Stell, 43 Texas, 123; Willis v. Matthews, 46 Texas, 483.

Where an issue made by the pleadings has no evidence to justify its consideration, it is the duty of the court to withdraw it from the consideration of the jury. Willis v. Whitsitt, 67 Texas, 676; Evans v. Reeves, 6 Texas Civ. App., 258; Texas Ry. Co. v. Hightower, 12 Texas Civ. App., 41; Galveston R. R. Co. v. Silegman, 23 S. W. Rep., 300.

Whether there is any evidence to support the pleaded issue is the province of the court to decide. Patton v. Rucker, 29 Texas, 406; Harwood v. Blythe, 32 Texas, 803; Brown v. Mitchell, 88 Texas, 367.

The defendant having pleaded specially, cannot avail himself of outstanding title, or other defense, but must make the proof of his special pleas. Hayes v. Gallagher, 21 Texas Civ. App., 90; White v. Kingsbury, 77 Texas, 614; Custard v. Musgrove, 47 Texas, 220; St. Louis, A. & T. Ry. Co. v. Whitaker, 68 Texas, 633; Samuel & Company v. Hill, 59 S. W. Rep., 318.

The gift must be established by certain and unmistakable evidence, and the fact that the improvements were made in consequence of and in reliance upon it, must also be directly and unequivocally proved. Pomeroy on Specific Performance, sec. 131, p. 186.

One witness is not sufficient to establish the defense. Edwards v. Norton, 48 Texas, 298.

That the plaintiff, having thus shown title in himself, and the defendants having failed to establish their special pleas of verbal

gift or limitation, he was entitled to recover the whole land sued for, the 168 feet, as also the 100 feet claimed by defendants. Murrell v. Wright, 78 Texas, 523; Carley v. Parton, 75 Texas, 103; Allen v. Peters, 77 Texas, 60; Contreras v. Haynes, 61 Texas, 106; Sowers v. Peterson, 59 Texas, 221.

That defendants, having pleaded specially, they were not entitled to show outstanding title, even if there had been one. Hayes v. Gallagher, 21 Texas Civ. App., 90, and many authorities cited.

*A. R.* and *W. P. Hamblen,* for appellees.

REESE, ASSOCIATE JUSTICE.—This is an action in trespass to try title by J. C. Hutcheson against J. W. Chandler and Katherine Chandler, his wife. Upon trial, with a jury, there was a verdict for defendants, and from the judgment plaintiff appeals.

The suit involves the title to two lots, being a piece of ground one hundred feet square in the southeast corner of a tract known as the Malone acre in the city of Houston. Appellant, claiming to be the owner of a tract of land 260 feet from east to west and 168 feet from north to south, called the Quinn place, adjoining the Malone acre and the lots out of the Malone acre here claimed by appellees, instituted suit on the 31st of December, 1903, against appellees to recover the same. On May 19, 1906, appellant filed an amended petition in which he described the same land described by him in his original petition and in addition thereto alleged that he had, since the filing of his original petition, acquired title from one J. J. Davidson to 100 feet square in the southeast corner of the Malone acre, being the same land claimed by appellees, for which he also sued. The deed from Davidson was dated December 9, 1905.

Appellees filed an answer disclaiming any right to the land claimed by appellant in his original petition except in so far as it embraced a tract 100 feet square adjoining it on the north and in conflict with the same, as to which they pleaded not guilty, and further pleaded, as to said land claimed by them, verbal gift from Stephen O'Flynn and wife, Susan O'Flynn, the owners, to appellee, Katherine Chandler, executed about the year 1891, and before her marriage to J. W. Chandler, setting up possession and valuable improvements thereunder. Appellees also pleaded the statute of limitations of ten years.

By supplemental petition appellant excepted to the allegations of the answer setting up the parol gift, when by leave of the court appellees filed a trial amendment setting out more specifically the facts with regard to the gift, possession and improvements thereunder.

The Quinn acre as claimed by appellant in his original petition conflicted with the land claimed by appellees in the Malone acre to the extent of 50 feet. The jury found that the 50 feet was a part of the Malone acre and belonged to the 100 feet square in the southeast corner claimed by appellees.

Davidson by his deed conveyed to appellant the entire 100 feet

square claimed by appellees, but he, in fact, had title to only an undivided one-fourth thereof, provided appellees' title is not sustained. One of appellant's contentions is that he is entitled to recover the entire 100 feet square by virtue of his ownership, under the Davidson deed, of an undivided one-fourth thereof, appellees having no title.

By his fourth assignment of error appellant assails the charge of the court in submitting to the jury the right of appellees to recover on their alleged parol gift from Stephen O'Flynn and wife to Mrs. Chandler, on the ground that the evidence did not authorize the submission of this issue. We are of the opinion that this assignment must be sustained. The evidence as to such gift is contained in the testimony of Mrs. Chandler and is, in substance, that in 1891 O'Flynn and wife took her with them in a wagon to where this property was, and told her that was her piece of land and to do with it what she pleased. The lots were under fence at the time, but had no other improvements. Mrs. Chandler was a niece of Stephen O'Flynn and was living with him. He had brought her from New York to make her home with him. Stephen O'Flynn died in July, 1893. The evidence as to the parol gift might be considered sufficient to show that the gift was made as alleged, but the evidence of improvements made upon the faith of the gift is not sufficient to authorize the submission of the issue to the jury. Up to the death of Stephen O'Flynn in 1893 practically nothing had been done in the way of improvements upon the land. Appellees testified in a vague and indefinite way that they had fixed the fence, and had planted out three or four fig trees and a few rose bushes, but it is clear from their testimony that the value of these improvements was insignificant, and it is doubtful if any improvements were made prior to the death of O'Flynn.

Equity will sustain a parol gift of land, notwithstanding the statute of frauds, under certain circumstances, but one of the essential requisites is that possession must be taken and improvements of some substantial value made upon the land by the donee with the acquiescence of the donor, upon the faith of the parol gift. The improvements so made must be of material and substantial value, having relation to the value of the land. (14 Am. & Eng. Ency. of Law, 1042; Anna Berta Lodge v. Leverton, 42 Texas, 18; Bradley v. Owsley, 74 Texas, 71; Wells v. Davis, 77 Texas, 636; Eason v. Eason. 61 Texas, 227; Wallis v. Turner, 95 S. W. Rep., 64.)

It is clear from the testimony of appellees, and their testimony is all that there is on this point, that all of the improvements made by them up to the date of the death of Stephen O'Flynn would not amount in value to more than $10 and were not, in fact, of any material benefit to the property. Four years after the death of O'Flynn appellees built a wood shed and chicken house on the property. The value of these improvements is not attempted to be shown, but assuming that they were of substantial value, which, however, appellees had the burden of showing, they come too late

to help out appellees' claim. Improvements made, in such case, upon the faith of a parol gift of land must be made in the lifetime of the donor, otherwise they can not be said to have been made with his acquiescence and consent. At the time of O'Flynn's death nothing had been done by appellees that would have prevented O'Flynn from revoking the alleged gift, and appellees could not perfect the gift after his death, by improvements so made. (Newcomb v. Cox, 66 S. W. Rep., 340; Thompson v. Ray, 92 Ga., 285; 18 S. E. Rep., 59.) The court should not have submitted to the jury the appellees' right to the land under the parol gift.

If the evidence upon the issue of their right under the statute of limitations of ten years was such as to require a verdict in their favor on this issue the error indicated would not require a reversal of the judgment, but we can not say that the jury did not predicate their verdict upon the issue of the parol gift, as they were authorized to do under the charge of the court. It is doubtful whether in fact the evidence was sufficient to sustain the verdict for defendants upon the issue of title by limitation of ten years. Appellees built a residence on the land in 1901 and since that date have been living on the land, but the evidence of cultivation, use and enjoyment prior to that time is very unsatisfactory, to say the least of it. The property was enclosed, it is true, and appellees may be said to have been in possession by reason of this enclosure, but the acts of use or enjoyment seem to have been confined to the planting of a few trees and rose bushes and to an occasional use of the property by certain persons, with the permission of appellees, for the purpose of pasturing therein two or three cows "to keep the grass down." This use was not shown to have been continuous. Building the chicken house and woodshed, and storing some barbed wire and other trifling articles therein, was not such use or enjoyment of the property as would support the bar of the statute, but even this was not done until 1897, less than ten years before the filing of the suit. (Niday v. Cochran, 14 Texas Ct. Rep., 334; Buster v. Warren, 35 Texas Civ. App., 644; Pendleton v. Snyder, 5 Texas Civ. App., 427.) We can not, however, sustain the assignment of error that the court erred in submitting the issue of title by limitation.

Upon another trial appellees may be able to establish more fully the continuous use or enjoyment of the land. If upon another trial appellees should not be able to sustain their title by limitation or, by additional evidence, their title under the alleged parol gift, appellant, under the Davidson title to an undivided one-fourth interest, would be entitled to recover the entire premises claimed by appellees. (Murrell v. Wright, 78 Texas, 523; Sowers v. Peterson, 59 Texas, 221; Leland v. Eckert, 81 Texas, 226; Minor v. Powers, 24 S. W. Rep., 716.)

The statute of limitations continued to run in favor of appellees as to the land acquired under the Davidson title, until the filing of the amended petition setting up that title. If, however, at the time of the trial appellees should have acquired title by limitation of ten years as against the other cotenants of Davidson, ap-

pellant would be entitled to recover only the interest acquired from Davidson. The filing of the amended petition stopped the running of the statute so far as the Davidson interest is concerned, but not as to the owners of the other interests. (Davidson v. Wallingford, 88 Texas, 625.)

Appellant was not entitled to recover the 50 feet on the Malone acre without showing title thereto. We do not understand that the fact that the defendant specially pleads his title relieves the plaintiff of the necessity of showing such title as would enable him to recover, but only limits the defendant, in showing title in himself to defeat plaintiff's title, to proof of such title as he has so specially pleaded. (Hayes v. Gallagher, 21 Texas Civ. App., 90.)

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*