JAMES A. McDONALD v. JOHN F. McCRABB.

Decided October 22, 1907.

**1.—Surveyor's Report—Assignment of Error.**

Under an assignment of error that the court erred in refusing to suppress and strike out the entire report of a surveyor appointed to establish a boundary line, the appellant is not entitled to have considered the overruling of his motion by the trial court to suppress certain portions of said report, though such portions were subject to the objections urged to them.

**2.—Same—Effect as Evidence.**

The report of a surveyor, appointed by the court to make a survey of a boundary line, is in effect simply the testimony of the surveyor, and the fact that the report has been admitted in evidence will not excuse a party from making objection to his testimony on the witness stand to the same effect as the report if the testimony is in fact objectionable.

**3.—Survey—Location of Line—Magnetic Variation.**

To locate the boundary of a grant from a known beginning point, on a certain course, the line should be run, in the absence of natural or artificial objects called for by the original surveyor, on the course called for with the true magnetic variation of the compass at the present time.

**4.—Same—Area as evidence.**

In an endeavor to fix the true boundary of a survey the area of the same is only a circumstance to be considered by the jury in deciding between the contending theories.

**5.—Agreed Line—Change.**

It is not a sound proposition of law that a line once established between contiguous owners can be changed only by an agreement in writing signed by such owners, and in a boundary case the court properly refused to instruct the jury that the line could only be changed in that way.

**6.—Surveyor's Report—Instruction to Jury.**

In a boundary case the court properly refused to give a special instruction by which it would have been left to the jury to determine what part of a surveyor's report in evidence was competent and what part incompetent evidence. ' Objections to a surveyor's report should point out specifically the parts objected to.

**7.—Briefs—Statements—Rule 31.**

The statement in a brief of the evidence pertinent to a proposition should contain a brief summary of the evidence upon the point, and not the bare statement of the legal conclusions of the writer as to the effect of the evidence, with a reference to pages of the transcript.

**8.—Adverse Possession—Enclosure of Small Area.**

Where an owner's fence is within and parallel to his own boundary and an adjoining owner extends his fence so as to connect with such fence and so enclose a narrow strip of land, such enclosure is not sufficient to set in motion the statute of limitation in the absence of actual cultivation, use or enjoyment of the strip so enclosed. The naked fact of enclosure is not sufficient.

**9.—Same—Admission against Title.**

Where one in possession of a narrow strip of land on a disputed boundary joins with the adverse claimant in the employment of a surveyor to survey and run out the disputed line, such act is evidence that he is not claiming adversely beyond the true line.

Appeal from the District Court of DeWitt County. Tried below before Hon. James C. Wilson.

*Lackey & Lewright,* for appellant.—It is the fundamental duty of a surveyor appointed by the court to survey a line in dispute, to attempt to ascertain the lines of the two conflicting tracts as actually run by the surveyor who made the original surveys; as the report of H. M. Henderson in this case wholly failed to show a compliance on his part with such fundamental duty, it should have been suppressed on motion of appellant. Schunior v. Russell, 83 Texas, 83; Westbrook v. Guderian, 3 Texas Civ. App., 412.

Since the line here involved is nowhere described except by call for course and distance from an agreed beginning corner on the Guadalupe River, and since the jury found against appellee's contention as to an agreement between himself and appellant that said line should be run by surveyor Garrett, said line should be run, that is, aside from appellant's contention as to recognized boundary, solely by course and distance called for in field notes, viz.: N. 79 Degrees E., with that variation which will give each of the parties hereto the correct amount of land, viz.: 8 degrees 15 minutes. Matthews v. Thatcher, 76 S. W. Rep., 61; Jamison v. N. Y. & T. Land Co., 77 S. W. Rep., 969; Reast v. Donald, 84 Texas, 652; Aransas Pass Co. v. Flippen, 29 S. W. Rep., 813; New York & T. Land Co. v. Thomson, 83 Texas, 179; Chinoweth v. Haskell, 3

Peters, 96; Ayers v. Watson, 113 U. S., 608; 4 Am. & Eng. Ency. Law (2d ed.), p. 784, et seq.

When the undisputed proof in a boundary suit shows that a certain line, well defined by marked trees, has been acquiesced in and recognized by the adjacent landowners as the true boundary between them for the period of approximately fifty years, said line must be adopted as the true boundary, without regard to where the original line may have been and, also, without regard to the person who originally marked such trees or the kind of marks on such trees. Wardlow v. Harmon, 45 S. W. Rep., 828; Blassingame v. Davis, 68 Texas, 595; Sullivan v. Michael, 39 Texas Civ. App., 564.

*Proctors, Vandenberge & Crain,* for appellee.—It is the duty of a surveyor, appointed by the court to survey a line in dispute, in making such survey, to be guided therein by the instructions of the court as contained in the order of appointment. Batts, Stat., art. 5264; Randall v. Gill, 77 Texas, 356.

Even where a report of a surveyor appointed by the court to make a survey was improperly admitted in evidence, the error, if any, is harmless where said surveyor testifies without objection to all of the facts and statements contained in the report were objected to with full opportunity of cross examination. Randall v. Gill, 77 Texas, 356; Wallace v. Byers, 14 Texas Civ. App., 580; Osborne & Co. v. Gatewood, 74 S. W. Rep., 72.

The undisputed evidence shows that same was insufficient to sustain a verdict in appellant's favor for any portion of the land under the ten years statute of limitation. Missouri, K. & T. Ry. Co. v. McAnaney, 80 S. W. Rep., 1062; Gulf, C. & S. F. Ry. Co. v. Vieno, 26 S. W. Rep., 230 and cases cited; Dotson v. Moss, 58 Texas, 155; Fordtran v. Ellis, 58 Texas, 252; Turner v. Ft. Worth & D. C. Ry., 30 S. W. Rep., 253; Barbee v. Spivey, 32 S. W. Rep., 346.

In order for possession under the ten year statute of limitation to be of avail to establish title to land, it is essential that same be actual, peaceable, exclusive, adverse, visible, notorious, and hostile to the entire world, and continuous and fair and open. Beall v. Evans, 1 Texas Civ. App., 447; Mhoon v. Cain, 77 Texas, 317; Nolan v. Mundine, 79 S. W. Rep., 638; Bracken v. Jones, 63 Texas, 186; Forsod v. Golson, 77 Texas, 667; Moody v. Butler, 63 Texas, 213; Satterwhite v. Rosser, 61 Texas, 171; Tucker v. Smith, 68 Texas, 481.

The mere fact that in building a fence on an original subdivision of a league of land owned by him a landowner did not inclose therein all of the land rightfully belonging to his subdivision would not confer upon his neighbor who owned and claimed the adjoining subdivision, peaceable and adverse possession of that portion of the land rightfully belonging to the subdivision owned by the builder of the fence. Blassingame v. Davis, 68 Texas, 595; Tucker v. Smith, 68 Texas, 481; Bracken v. Jones, 63 Texas, 184.

Where, before the bar of the statute, the owners of two original subdivisions of a league of land enter into an agreement to have the division line between said two subdivisions located and surveyed,

and under said agreement employ a surveyor, and have the line surveyed, adverse possession which either owner may have had of any of said land is lost, and any claim under the ten year statute of limitation is waived. Mann v. Schueling, 68 S. W. Rep., 293.

REESE, ASSOCIATE JUSTICE.—Appellee sued appellant in an action of trespass to try title, the real object of the suit being to determine the boundary line between lands owned by the parties respectively. The case was tried with a jury and by the verdict and judgment the line was established very nearly as claimed by appellee, varying slightly therefrom. From the verdict and judgment, motion for new trial having been overruled, this appeal is prosecuted.

Appellant is the owner of a tract of land designated as lot No. 2 in a subdivision of the Amador league, containing approximately 1040 acres. Appellee owns the adjoining lot No. 3 containing approximately 1125 acres. The subdivision of the league into four parts was made by one Swift, a surveyor, in 1845. The dispute is over the dividing line between the two tracts.

The tracts abutted on the Guadalupe River as their western boundary and the common line, the location of which is the basis of this suit, is thus described in the deeds of both tracts: "Beginning on the east bank of the Guadalupe River, at a stake from which a Pecan tree bears N. 16 W. 4 varas, and a Sycamore bears S. 46 W. 4 2-10 varas. Thence N. 79 E. 9540 varas to a stake on the east line of the league." There is no dispute between the parties as to the location, on the bank of the river, of the beginning point of this line. The line claimed by appellant starting from this beginning corner runs N. 79 E. at a variation of the compass of about 8 degrees 15 minutes if run straight from this point to its termination on the east line of the league, but he further contends in his petition that this line should run so as to strike certain trees claimed by him to be on the line, which would make a line not straight but bending slightly northward from a straight line run from the beginning point at the variation mentioned. The line claimed by appellee starting from the beginning point on the river, runs N. 79 E. with a variation of the compass of approximately 7 degrees 55 minutes. The line found by the verdict and judgment to be the true line runs from the beginning point on the river N. 79 E. with a variation of 7 degrees 58 minutes to the east or back line of the league. It was claimed by appellant that the line contended for by him had been recognized and acquiesced in for over fifty years, but the issue of a line established by recognition and acquiescence was not submitted to the jury. Appellant further claimed title to a small strip of the land, under the statute of limitations of ten years, and requested a charge upon this issue, which the court refused.

Appellee claimed in his petition that the line between himself and appellant has been established by agreement between them, by W. R. Garrett, a surveyor, and this issue was submitted to the jury, but was found against appellee's contention.

The case, so far as the location of the line is concerned, turned upon the variation of the compass at which such line should be now

run from the undisputed beginning point on the river to the back line of the league, so as to retrace the footsteps of the original surveyor. Upon application of appellant, H. M. Henderson, a surveyor, was appointed to make survey of the line and report, and the jury found in favor of the location of the line established by the survey and report, as the correct location.

Appellant filed a written motion to suppress and strike out the entire report, map, etc., of the surveyor Henderson for certain reasons stated therein, and also, if the entire report be not stricken out that certain objectionable statements therein, pointed out in the motion, be stricken out. The refusal of this motion to strike out the entire report is made the basis of the first assignment of error. There is no assignment of error to the ruling of the court to strike out the designated portions of the report, and if there be error in such ruling it can not be considered. It is only to be considered whether the entire report should have been stricken out for the reasons set out in the motion.

Upon the same grounds appellant objected to the introduction in evidence of the report and map, which was overruled, to which ruling a bill of exceptions was reserved, and this ruling is made the basis of the second assignment of error.

The order of survey, which was not objected to, directed the surveyor :

1. To ascertain by actual survey on the ground the true location of the disputed line, and in locating such line to run the same from the Guadalupe River entirely out to the back line of the league, and to make such survey and run such lines as shall enable him to definitely fix upon the ground the true location of said division line.

2. To prepare a map of all lines run by him in such ascertainment of said division line showing the true situation of said line and also showing all objects and their markings which he finds upon said division line.

3. He shall notify the parties and if either of them claims a line not identical with the true line as ascertained by him, he shall designate such line on his map, and note all objects and their marking thereon.

4. To make full report stating fully all work done, the line located by him, his reasons for such location, and also fully all facts as to any divergent line.

The order, as will be seen, is very full and specific. We will not undertake to discuss all of the several grounds of objection to the report. None of them are, in our opinion, sufficient to justify the suppression of the entire report upon appellant's motion, or when offered in evidence, upon his objection.

In endeavoring to give his reasons for his conclusions as to the true location of the line the surveyor becomes, perhaps, too argumentative and possibly goes beyond the limits prescribed in the order of survey, and it was improper to incorporate in the report what had been told the surveyor by Garrett, as to appellants' former claim that the post oak snag was a line tree, but these objections did not

afford sufficient grounds for rejecting the entire report. The fact that appellant did make the statement about the post oak snag being a line tree was established by other testimony including that of appellant.

It is alleged that the surveyor made a mistake in using the post oak snag claimed at one time by both parties as a line tree, as the' basis of his work and fixed the variation of the compass by this, and also that there are numerous errors in calculation as to acreage, in the report. These objections go rather to the weight to be attached to the report as evidence and not to its admissibility. Both the report and the testimony of Henderson show that, entirely independent of this line tree, he regarded the variation at which he ran the line adopted by him as the true line, as the correct variation. It may be further said that upon the trial Henderson was examined as a witness and was interrogated very fully, both on direct and cross-examination, on substantially all of the matters covered by his report and, without objection, repeated in his testimony substantially all of the material facts set out in his report.

At the request of appellant the court instructed the jury that the report was entitled to no more weight than the testimony of any other witness, and that the surveyor occupies the same position as any other witness. The report was, in effect, simply the testimony of the surveyor and if it had, in fact, contained objectionable matter as claimed by appellant, if the surveyor was allowed, without objection, to repeat such objectionable matter in his testimony, the error, if any, in admitting the report became harmless. Notwithstanding the previous ruling of the court, upon the motion to reject the report and upon the objection to its introduction in evidence, it was incumbent upon appellant to object to the same evidence when offered in the testimony of Henderson. The court could not properly make the objection for him. The fact that the evidence was first offered in the written official report, and next in the testimony of the witness would not take the question out of the operation of the general rule. The third assignment presenting substantially the same questions, for the general reasons stated, is also overruled.

By the fourth assignment of error appellant presents the contention that the verdict and judgment are wholly contrary to and unsupported by the evidence. The contention can not be sustained. The issue was a very simple one; to locate the line from a known beginning point, by course and distance. There were no calls for natural or artificial objects to control the call for course. The call for a stake on the east line of the league was not regarded. This became upon the trial an issue to be determined by ascertaining the true variation of the compass now, to fix the course of the line as originally run. The evidence developed that this was a matter of great uncertainty. There was evidence to show that the variation adopted by Henderson was the correct variation a. which the line should be run; that the line thus run corresponded substantially with the line as previously run by Schleicher and Garrett, surveyors, both making their surveys at the instance of appellant, and also that it corresponded with the line run many years ago by a sur-

veyor Hamilton at the instance of the owners of the respective tracts as marked by the remains of an old sod fence placed on this line by appellant. The question was peculiarly one to be determined by a jury. Given the proper course from a known starting point the location of the line is not to be controlled by quantity of land in the respective parcels, though upon this point also Henderson testifies that the line adopted by him gives the parties the proper quantity of land in their respective tracts. Appellant insists that a calculation from certain and fixed data shows that Henderson is mistaken in this. If quantity were a controlling factor in the location of the line, we might pay more regard to this contention of appellant, but it is not. The deeds locate the line as running N. 79 E. from a known and undisputed beginning, and thus it must be run. Quantity, it is true, may be considered in solving a doubt as to the true variation to be adopted in running the line. It was for the jury to determine from all the evidence, including the evidence as to quantity, whether the variation adopted by Henderson was correct and actually retraced the line as originally run. The assignment presenting the point is overruled.

This disposes also of the fifth, sixth and seventh assignments of error, and of appellant's contention that upon the undisputed evidence the line should be run at a variation of 8 degrees 15 minutes. There is practically no evidence to show that this would be a correct variation except that a line thus run from the beginning point would reach the back line of the league at the point claimed by appellant to be the true location of the end of the line, which is the northeast corner of his tract and the further fact that in a suit between appellee and another the north line of his tract had been so fixed. A line so run would not, in fact, strike any of the trees claimed to be line trees by appellant. There was practically no evidence to show that these were original line trees or that they marked the line as originally run. The jury refused to find that the line marked by the trees claimed by appellant as line trees, was the true line. This is the line contended for by appellant in his answer as the recognized line. It is sufficient to say here that the evidence on this point fully supports the verdict. The eighth assignment of error presenting the point is overruled, as is also the ninth assignment, which is without merit.

There is no merit in the tenth assignment of error. The court in its charge only referred the jury to the map of the surveyor Henderson in directing them how to shape their verdict in identifying the line found by them, and in stating the issues. The charge left the jury entirely free to find either the line claimed by appellant, the line claimed by appellee, that found by the surveyor to be the true line, or any other line which they might determine to be the true line, and was entirely free from any objectionable comment upon the evidence. This disposes also of the eleventh assignment of error.

Appellant requested ˙ court to give the following charge, which was refused:

"You are here instructed, at request of defendant, that when the boundary line between two adjoining landowners is once estab-

lished by agreement between said owners, or when the line between them has for some time been recognized or acquiesced in by them, said line thus established or recognized becomes the true line, and is binding upon both parties at interest, whatever the line as originally run may have been. When a certain line has thus been established or recognized, it cannot be afterwards changed except by agreement in writing signed by the adjoining landowners."

The refusal is assigned as error, which is overruled. The charge was properly refused. That portion of it with regard to a line established by agreement, standing alone, states a sound proposition, but the other propositions, as stated, are not the law, and the jury should not have been so instructed. It was not incumbent upon the court to separate the good from the bad. Moreover, there was no evidence of an agreement to establish the line as claimed by appellant.

There was no error in refusing appellant's fifth special instruction as set out in the thirteenth assignment of error. The instruction left it for the jury to determine what parts of the surveyor's report undertook to determine questions of fact, or to include evidence. These objections to the report could only properly be raised by setting out specifically the parts objected to. It could not properly be left to the jury to determine what portions came under the objection.

By his fourteenth assignment of error appellant complains of the action of the court in refusing his special instruction submitting the issue of his right to recover a portion of the land in dispute under his plea of the statute of limitations of ten years. The statement under the proposition advanced in the brief is merely that the undisputed evidence showed that appellant had had under fence, in peaceable and adverse possession, using and enjoying the same for more than ten years before the institution of the suit, all that part of the disputed strip of land lying north of Henderson's line adopted by the jury and west of the public road adjoining the railroad where the same crosses the two tracts, and that the fence on the north side of that part of the disputed strip was originally built by appellee's predecessor in title. This statement, which is all there is on the subject, is followed by a reference to eleven separate and disconnected pages of the transcript. It might very well be doubted whether an assignment so presented might not be disregarded, as not in compliance with Rule 31 for the preparation of briefs, but we have concluded not to so treat it. The statement should properly have contained a brief summary of the evidence upon the point, and not the bare statement of the legal conclusion as to the effect of the undisputed evidence. Examining, however, the pages of the record referred to we find no evidence tending to show any "cultivation, use or enjoyment" of any of the land in dispute, in addition to the naked fact that it was under fence. This evidence tends to show very meagerly that a fence built by appellee's predecessor in title ran a little north of the line claimed by appellant a part of the way, and that appellant, more than ten years before the trial, had run a fence from this fence of appellee's across his tract to his south line and thence into the river, thus enclosing, with his own tract, a very long and narrow strip, claimed by appellant to

contain about eight acres, of appellee's tract, and that appellant claimed this part so enclosed as part of his own tract.    There is no evidence in that part of the record referred to in the brief of any cultivation, use or enjoyment of this strip, or indeed of any of appellant's land within this enclosure, further than is afforded by the naked fact of the enclosure.    The enclosure was sufficient to show possession, but the statute requires not only possession but also "cultivation, use or enjoyment," something in addition to and not included in the mere naked possession evidenced by the fencing. (Peden v. Crenshaw, 38 Texas, 370; Buster v. Warren, 80 S. W. Rep., 1063; Cochran v. Niday, 93 S. W. Rep., 1028; Hutcheson v. Chandler, 47 Texas Civ. App., 124.)    The evidence did not raise the issue of limitation.

It is doubtful whether the act of appellant in joining his fence to that of appellee, not intended by him to be on the line, and in fact a few varas north of the line, and thus enclosing this narrow strip several hundred varas long and containing in all only eight acres, belonging to appellee, would constitute such adverse possession as would support the statute in the absence of any notice to appellee of such adverse claim except that afforded by the joinder of appellant's fence to his own and thus enclosing the strip with the balance of appellant's tract.

The undisputed evidence shows that prior to the completion of the ten years bar, W. R. Garrett was employed by appellant and appellee jointly to survey and run out this disputed line.    He located it substantially as it was located by Henderson, which was not satisfactory to appellant and he refused to be bound by it.    Appellant testified that he never agreed that Garrett should run the line without regard to the line trees claimed by him, but the evidence is undisputed that he was employed to locate the line, and that there was no reservation by appellant at that time of his claim to hold to appellee's fence including in such claim the strip as to which he now sets up the defense of limitation.    "A single lisp of acknowledgment by defendant that he claims no title, fastens a character upon his possession which makes it unavailable for ages."    (Warren v. Frederichs, 83 Texas, 384; Texas Western Ry. Co. v. Wilson, 83 Texas, 157; Hand v. Swann, 1 Texas Civ. App., 244, 283.)    The assignment presenting the question is overruled.

Finding no error the judgment is affirmed.

*Affirmed.*