ROBINSON v. RANDELL. (No. 2027.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 29, 1918. Rehearing Denied May 1, 1919.)

1. TRESPASS TO TRY TITLE ⬥➡6(1)—EVIDENCE OF TITLE — BOND FOR TITLE — CONSIDERATION.

In trespass to try title, bond for title, not reciting any consideration, was not evidence of title, where the payment of valuable consideration was not waived.

2. TRESPASS TO TRY TITLE ⬥➡12—POSSESSION BY PREDECESSOR IN TITLE — PRIMA FACIE CASE.

Plaintiff in trespass to try title is entitled to recover by proof of possession by predecessor in title, in absence of any proof on part of defendant.

Appeal from District Court, Lamar County; A. P. Dohoney, Judge.

Action by P. M. Robinson against T. L. Randell. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

See, also, 172 S. W. 735.

The action is by appellant against the appellee in trespass to try title to 26 acres of land of the Abner Neathery survey. The appellee pleaded denial, not guilty, and the ten-year statute of limitation. The case was tried before the court without a jury, and a judgment was entered in favor of the defendant.

The appellant offered the following as evidence of his title: (1) Patent dated April 10, 1858, to Abner Neathery to 640 acres of land, which included the land in controversy. (2) Bond for title from Abner Neathery and

his wife to Margaret Stewart for 320 acres. This bond by its terms was "to make unto the said Margaret Stewart a good and valid title unto the above-described tract of land as soon as it can be obtained from the government." The bond does not recite any consideration, and the evidence does not show any to Neathery for his undertaking. The bond was filed for record October 4, 1847. (3) A deed from Margaret Stewart to L. B. Robinson, of March 12, 1857, conveying 160 acres out of the Neathery survey for the consideration of $160. (4) A judgment of the district court of Limestone county, of November 6, 1884, partitioning the estate of L. B. and Mary Robinson. The judgment set aside to P. M. Robinson 26 acres of the Neathery survey. This is the land plaintiff sues for. The decree was recorded in Lamar county deed records on September 22, 1911.

P. M. Robinson proved that he was the son of L. B. Robinson, who died in Limestone county about 30 years ago. It.was further shown by evidence that L. B. Robinson in 1861 was living on the 160-acre tract, had built a house and a blacksmith shop, and had fenced and cultivated a part of the land. In 1867 or 1868, L. B. Robinson moved from the land to Delta county, and later to Limestone county, continuing to claim the land until his death. Possession of the land by any one prior to L. B. Robinson does not appear. P. M. Robinson paid no taxes on the land after the partition to him and there was no actual possession of the land by him.

The plaintiff proved that on February 28, 1903, M. C. Konkle and wife executed a deed to C. E. Anderson to two tracts aggregating 29⅓ acres of the Neathery survey. This deed was recorded. C. E. Anderson and wife conveyed the same to T. L. Randell on October 15, 1904. The deed was recorded. These conveyances do not appear to include the land in controversy. It was further shown that T. L. Randell took actual possession of the land in controversy about 1902 or 1903, at the time not in actual possession of any one; and fenced it and has continued to hold actual possession and use of the land from that date, which was between eight and nine years before this suit was filed on July 1, 1911.

The defendant rested on plaintiff's evidence and did not offer any proof.

Edgar Wright and J. S. Patrick, both of Paris, for appellant.

E. S. Connor, of Paris, for appellee.

LEVY, J. (after stating the facts as above). [1, 2] The bond for title from Neathery and wife to Margaret Stewart not reciting any consideration, and the payment of a valuable consideration not being proved, it was determined on a former appeal (146 S. W. 717, 172

S. W. 735) that, as against the appellee, such bond may not be regarded as evidence of any title in Margaret Stewart. We adhere to that ruling. And the vital question of fact arises as to whether, in the facts, prior possession of the 160-acre tract by L. B. Robinson made such a prima facie case as to legally warrant a recovery by the plaintiff, P. M. Robinson, heir of L. B. Robinson, of the 26-acre tract in suit against the defendant. It is believed that the legal effect of the facts is to entitle the plaintiff to recover. Watkins v. Smith, 91 Tex. 589, 45 S. W. 560; Boyd v. Miller, 22 Tex. Civ. App. 165, 54 S. W. 411; Buie v. Penn, 172 S. W. 547; Keys v. Mason, 44 Tex. 140.

This ruling necessitates reversing the judgment and here now rendering judgment in favor of the appellant for the land sued for and costs of the trial court and of this appeal.

Reversed and rendered.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes