STREET et al. v. MASTERSON et al.
(No. 7422.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 4, 1925. Rehearing Denied Dec. 5, 1925.)

1. Mines and minerals ⊂⇒78(7)—Allegations by lessor of oil and gas well as to supplemental agreement and lessee's failure to comply therewith held properly pleaded.

In suit to cancel oil and gas lease for lessee's failure to commence drilling, lessor's allegations as to supplemental agreement to waive breach if lessee complied with certain additional obligations, but that lessee failed to perform them, held properly pleaded for purpose of showing history of transaction and relation of parties, as well as in anticipation of probable defense of waiver.

2. Mines and minerals ⊂⇒78(1)—Lessee digging 18-foot hole with rig used in drilling water wells held not to have commenced well in good faith.

Oil and gas lease requiring lessee to "commence" drilling by a certain date, though containing no stipulation as to depth to which wells were to be drilled, required substantial compliance in good faith, and was not complied with by installing rig previously used in drilling water wells and drilling hole 18 or 20 feet deep merely to hold lease.

3. Trial ⊂⇒76—Party failing to object at time testimony offered and admitted waives objections.

Party failing to object to testimony at time it is offered and admitted thereby waives objections thereto.

4. Evidence ⊂⇒242(5)—Declarations of employees in complete charge of drilling operations held properly admitted.

In suit to cancel oil and gas lease, declarations by lessee's employees, in complete charge of drilling operations, that drilling of 18-foot hole was all they intended to do, which declarations were verified by subsequent conduct of lessee and employees, held properly admitted.

5. Appeal and error ⊂⇒1050(1).—Error in admitting testimony rendered harmless by admission of similar testimony without objection.

Error, if any, in admitting testimony, is rendered harmless by admission of similar testimony without objection from complaining party.

6. Appeal and error ⊂⇒1050(1)—Admission of testimony, if error, held harmless.

Where oil and gas lessee drilled hole 18 feet deep with rig previously used in drilling water wells, admission in action by lessor for cancellation of lease, of testimony that witness had never known real oil men to start drilling with rig like one used by lessee, even if erroneous, held not prejudicial.

Error from District Court, Webb County: J. F. Mullally, Judge.

Suit by T. S. Masterson and others against J. G. Street and another for cancellation of oil and gas lease. Judgment for plaintiffs, and defendants bring error. Affirmed.

Mann, Neel & Mann, of Laredo, and Lewright & Lewright, of San Antonio, for plaintiffs in error.

Thos. W. Masterson and J. D. Dodson, both of San Antonio, for defendants in error.

SMITH, J. The suit is for cancellation of an oil and gas lease containing a provision that if no well be commenced on the leased premises on or before May 15, 1920, the lease should terminate, unless the lessee on or before said date shall pay or tender the lessor a rental of $3,360. It was provided in the contract that the payment of this sum within the time specified and annually thereafter, would operate as an extension of the obligation to commence a well. This rental was seasonably paid on or before May 15, 1920, and May 15, 1921, but was not paid or tendered on or before May 15, 1922. Just prior to the latter date the lessee had a derrick set up on the leased premises, installed an old rig which had been used many years in drilling water wells, drilled a hole 18 or 20 feet deep, and then abandoned the project, with the statement made by the lessee's agents in charge that that was all the development they wanted to do, or intended doing; that it was enough to hold the lease. The jury found that this well was not commenced in good faith by the lessee, and the court rendered judgment canceling the lease. The lessees, J. G. and Hall P. Street, have prosecuted this writ of error.

The finding of the jury that plaintiffs in error did not in good faith commence a well within the time specified in the lease contract was amply supported by the evidence, and is not challenged here by plaintiffs in error. This was an issue of fact to be determined by the jury, and their unchallenged finding thereon is conclusive and settles the case as to the facts.

[1] In his trial petition, after setting up the execution of the contract and the failure of the lessee to comply with the condition mentioned, the plaintiff below alleged that he made a supplemental agreement with the lessee to waive the breach of that condition if and when the lessee complied with certain additional obligations then assumed; but that as the lessee failed to perform the latter obligations, the right to a forfeiture was still available to the lessor. Plaintiffs in error, as defendants below, specially excepted to these allegations upon the ground that they were irrelevant and immaterial and proof thereof would prejudice the defendants with the jury. The court overruled this exception, and plaintiffs in error complain thereat in their first proposition of law. Tested by the

pleadings in the case, the allegations objected to were properly pleaded for the purpose of showing the history of the transaction and the relations of the parties, as well as in anticipation of the probable defense of waiver to be urged by the defendants. The proposition mentioned will be overruled.

[2] In connection with the issue of good faith submitted to the jury, the trial court defined "good faith" as follows:

"By commencing a well in good faith means that it must have been commenced with an intention to pursue drilling with ordinary diligence to such depth as an ordinarily prudent operator would drill under the same or similar circumstances in search for oil or gas in paying quantities; that such drilling was commenced with such tools, machinery, and equipment as an ordinarily prudent oil operator would, under the same or similar circumstances, have provided to prosecute drilling in good faith."

The defendant below objected to this charge upon the ground that the same was contrary to the law as applied to the facts of the case; that as the lessee was not obligated to drill any well on the leased premises to any specified depth, "all drilling operations thereon, including the nature and extent thereof, were left at the option of the lessee. * * *" These contentions are raised in plaintiffs in error's second proposition, which will be overruled. The charge complained of appears to be substantially correct under the case made. The omission from the contract of any stipulation of the depth to which wells were to be drilled did not operate as a license to the lessee to act in bad faith in complying with express conditions imposed upon him in the lease contract. The stipulation that the lessee should "commence" the drilling of the first well within the time specified imposed upon him the duty of substantial compliance therewith in good faith. That duty was flagrantly disregarded by plaintiff in error, who cannot complain of the resulting forfeiture of the lease.

[3, 4] For the purpose of avoiding the impending forfeiture, plaintiffs in error sent some of their employees to the leased premises to "commence" the drilling of the first well, which was required in the contract. These employees, who were in complete charge of the operations for the absent lessees, made certain statements to others present to the effect that their purpose there was merely to "spud in" the well, that this was all they wanted or intended to do, and that this would hold the lease until "hell freezes over." The plaintiff below offered to prove, and did prove, these statements by third parties who were present and heard those declarations. Plaintiffs in error, in their third and fourth propositions, complain of the admission of this testimony, upon the grounds that the employees making the declarations were not such agents of the lessees as could bind the latter by their declarations; that the testimony was hearsay. We overrule these propositions. No objection was made to this testimony at the time it was admitted, nor until after the witness had been cross-examined by plaintiffs in error, who thereupon moved to strike it out, upon the grounds stated. The facts upon which the motion was based were in evidence when the testimony was admitted, and the objection finally made was available at that time. The objections were waived when the complaining party failed to make them at the time the testimony was offered and admitted. Moreover, the testimony was admissible. The employees making the declarations were in charge of and doing the work, in the absence of their principals, and their statements concerning that work, made by the parties doing it, while actually engaged in it, and verified by the subsequent conduct of both principals and agents, were properly admitted.

[5] In addition, it seems that other evidence of like nature was admitted without objection from plaintiffs in error, and even if the latter's objections had been seasonably made, and were tenable, the error was rendered harmless by the admission of like testimony.

[6] Jim Neal, a witness for defendants in error, testified for the latter that in his experience he had never known real oil men to start drilling in wild cat territory with a rig like the one used by plaintiffs in error in commencing the first well on the leased premises. This testimony was seasonably objected to by plaintiffs in error, upon a number of grounds not necessary to set out, which are brought forward into the latter's fifth proposition. We do not perceive that this testimony, even if its admission was erroneous, was of such nature as to injure plaintiffs in error or prejudice their case with the jury. The same may be said of the testimony of the same witness complained of in plaintiffs in error's sixth proposition. These propositions are accordingly overruled.

The judgment is affirmed.