**DONNELL et al. v. BAKER.  (No. 769.)**

Court of Civil Appeals of Texas.  Waco.
Feb. 21, 1929.

Rehearing Denied March 21, 1929.

Harry Myers, of Fort Worth, for appellants.

J. S. Simkins, of Corsicana, for appellee.

BARCUS, J. ■ This litigation involves the care, custody, and control of a seven year old boy. The fundamental principles of law relative thereto are well settled, namely: "What is for the best interest of the child?" The difficulty arising in this class of cases frequently is in determining what is for the best interest of the child. It appears from the numerous decisions of our courts that each case of this character must necessarily be determined by the peculiar facts thereof. Article 4118 of the Revised Statutes provides: "If one parent is dead, the survivor is the natural guardian of the persons of the minor children."

■ The law seems to be well settled that where a parent is unquestionably a proper and fit person to care for and raise a child, that before a trial court is authorized to take a child from its parent there must be some real and cogent reason therefor. The weight of authority is that it should affirmatively appear that a new relationship has been created between the child and the party who is claiming same which creates such a condition that it would make it manifestly against the best interest of the child to break up the new relationship and restore him to his parent. State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S. W. 901; Smith v. Moore (Tex. Civ. App.) 171 S. W. 822; Castro v. Castellanos (Tex. Com. App.) 294 S. W. 525; Craighead v. Meyers (Tex. Civ. App.) 11 S.W.(2d) 185; Taylor v. McGee (Tex. Civ. App.) 254 S. W. 155; Greenlaw v. Dilworth (Tex. Com. App.) 299 S. W. 877.

■ On the other hand, our courts hold that where a child has been by the parent abandoned or given by the parent into the hands of strangers, who have adopted it, or by reason of the new relations existing conditions have arisen which would make it manifestly unjust to the child to break those new relationships and restore him to his parent, the court will refuse to disturb the new relationship and refuse the parent's plea for the custody and control of his child. Dunn v. Jackson (Tex. Com. App.) 231 S. W. 351; Miller v. Banks (Tex. Civ. App.) 280 S. W. 301; Kendall v. Williams (Tex. Civ. App.) 233 S. W. 296; State v. Jackson (Tex. Civ. App.) 212 S. W. 718.

In this case the child in controversy is the child of appellant Mrs. Donnell. Appellee Mr. Baker is in no way related to him. The case was tried to the court, and resulted in judgment being rendered leaving the child with Mr. Baker. The material facts are practically undisputed. It appears that Mrs. Donnell was married to a Mr. Hewitt and from said union there were born three boys. About 1921 she and Mr. Hewitt were divorced and she was left with the three babies, the child in controversy at that time being less than a year old. By reason of financial problems it was utterly impossible for her to take care of herself and the three children, so she placed the oldest boy in the state orphans' home, the second child·was placed with her kindred, and she kept the baby until he was four years old. It appears that Mrs. Donnell belongs to one of the old and highly respected families in Navarro county. Mr. and Mrs. Baker have known her all of her life. Mr. Baker and his wife, from the record, are as substantial and fine people as live in Navarro county. They have a nice country home and 145 acres of land, all paid for, and have no children. During the time that Mrs. Donnell had the child she lived most of the time in Fort Worth, working wherever she could find employment. Part of the time she worked in a box factory, a portion of the time in a nursery, and a portion of the time as housekeeper for an old man and his daughter. During said time appellees herein, who had known Mrs. Donnell all her life, from time to time requested of her to let them have the baby and she constantly refused, until September, 1925, when the child was about four years old. Appellees told her they were making a trip to South Texas and wanted to take the baby with them and she consented thereto. They kept him until Christmas, and at that time Mr. Baker told Mrs. Donnell that they were becoming very much endeared to the child and the child to them, and that he wanted her, Mrs. Donnell, to either let them have the child permanently or take him away; that he wanted her to make up her mind what she would do; that he told her he wanted to adopt the child; and that she refused to permit them to adopt him, but did not take him away. On March 3, 1928, appellant married R. Donnell, of Fort Worth, who had a comfortable home and no children and who then was and had been in the employ of Armour Packing Company for 20 years. Some time before Mrs. Donnell married, the date not being shown, Mr. Baker had written her that his wife would perhaps have to go to the hospital for an operation and that he wanted Mrs. Donnell to come to his home and take care of him and the child during said time, and she had promised so to do. After Mrs. Donnell married, Mr. Baker wrote her, the date not being shown, that his wife was going to the hospital, and asked her to come, and, not hearing from her, he called her over the telephone and Mrs. Donnell told him she was married and had her home to look after and that she was sick and could not therefore come, but for him to bring the child over to the station and she would come for him. Mr.

Baker, in response thereto, did, according to his testimony, take the child to the interurban station and waited all day for Mrs. Donnell to come. After he left home with the child a letter was received from Mrs. Donnell, which was sent to him at the station and which informed him that she was sick and not able to come, and requested that he put the child on the interurban and send him to Fort Worth to her and that she would meet the interurban. Mr. Baker thought the child was too young to be sent on the train by himself and so returned home with him. Mrs. Baker went to the hospital and was there about a month, getting out about the middle of May.

After Mrs. Donnell married she began planning to get her three children together and take them all to her home. She got the middle child, who was then ten years old, from her kindred. She had made arrangement to take the oldest child from the orphanage at the close of the scholastic year, and she wrote the Bakers for the child in controversy, and, according to her testimony, they asked her to let them keep him until his school was out. After the close of his school term she did, about the middle of June, make a formal demand on the Bakers to deliver the possession of the child to her, and they refused, and this suit was instituted and was tried July 2, 1928. It appears that during the time the child was with the Bakers, Mrs. Donnell on various occasions visited in their home and at different times took said child with her on little trips, and sent him clothing, and remembered him at Christmas and on his birthdays and kept in constant contact and touch with him. All of the witnesses, including Mr. and Mrs. Baker, testified to the unquestioned integrity and moral character and standing of Mrs. Donnell. Neither by pleading nor proof was there any attempt on the part of appellee to show that Mrs. Donnell at the time of the trial was not both physically, financially, and morally able to care for the child or that she was not a fit person to have control of and rear him. On the other hand, Mrs. Donnell testified, and it is shown without any contradiction, that Mr. and Mrs. Baker are people of unquestioned character and integrity and that they had been giving and would continue to give the child a good home. Both Mrs. Donnell and Mrs. Baker are consistent members of the church. The record does not show whether either Mr. Donnell or Mr. Baker are members of the church, but the record does show that each of said men are of the highest type.

■ Over the objection of appellant that the same was hearsay, Mr. Baker was permitted to testify that the child, who at the time of the trial was about seven years of age, told him that he would prefer to stay with the Bakers rather than go with his mother. In this we think the court committed error. If it had been shown that the child was of sufficient intelligence and understanding to testify, the statement would not have been admissible because it was hearsay. Based on said testimony, the trial court found that it was the child's wish to remain with the Bakers, and it is presumed that the trial court's judgment is based in part at least on this finding of fact. Brown v. Fore (Tex. Com. App.) 12 S.W.(2d) 114. Said testimony not being admissible, the finding of the court based thereon is erroneous and the judgment based on said finding is likewise erroneous. This error requires a reversal of the case.

■ The trial court further found that after Mrs. Donnell left the child with the Bakers, by her acts she led them to believe that they could keep him. This finding is challenged by appellant, and we think the record shows that said finding is not supported by the testimony, in that both Mrs. Donnell and Mr. and Mrs. Baker testified that from time to time they had made request of Mrs. Donnell that they be permitted to adopt the child and that Mrs. Donnell would never give her consent, and that she continuously visited and took the child on little trips, and Mrs. Baker testified that during the entire time the child had been with her she had endeavored to teach him to love his mother first and to love her (Mrs. Baker) second.

■ In view of the record in this case, as revealed by the undisputed facts hereinbefore narrated, we are constrained to believe the trial court was in error in holding that the best interest of the child required and demanded that he be given to the custody and control of Mr. and Mrs. Baker rather than to his mother. In every case, so far as we have been able to find, where a parent, especially a mother, has been denied the care and custody of a child and he has been left with the foster or adopted parents, it was shown that the real parent was not in all respects a fit and proper person to have his rearing, or it was shown that the parent had abandoned the child and consented to his adoption by the foster parents while in very tender years and new relationships had thereby grown up which if severed would be to the detriment of the child. None of these conditions, as we view the record, exist in this case. The child at the time he was left with the Bakers was four years old. He had been with them 2½ years. During that time his mother had kept in constant touch with him and had on numbers of occasions refused to surrender her claim to him and refused to permit Mr. and Mrs. Baker to adopt him, and he had been taught by Mrs. Baker to love his mother above all other persons in the world. While the record shows that Mr. and Mrs. Baker have given and will continue to give the child a good home, and have learned to love him, there was no estrangement between them and the mother or between the mother and her child, and where, as is revealed by the record in this case, no question of the financial abili-

ty or the moral fitness of the mother to take care of the child is raised, we cannot agree with the trial court's finding that it is to the child's best interest to be left with Mr. Baker.

The judgment of the trial court is reversed and the cause remanded for further proceedings.