## KEYSTONE PIPE & SUPPLY CO. v. OSBORNE.
### No. 4244.

Court of Civil Appeals of Texas. Amarillo.
June 4, 1934.

Slay & Simon, of Fort Worth, for appellant.

W. M. Lewright, of San Antonio, for appellee.

HALL, Chief Justice.

The appellant corporation instituted this suit alleging substantially that in January, 1931, it was the owner and holder of a valid and subsisting lien upon 1,600 feet of 8-inch casing which was located in the oil and gas well upon property described as the E. ½ of the N. E. ¼ of the N. E. ¼ of section 47, block 13, H. & G. N. R. R. Co. surveys in Wheeler county, Tex., which said lien was duly and properly registered and recorded, both in the chattel mortgage and deed records of Wheeler county, Tex. That in June, 1931, appellant recovered a judgment in the county court at law No. 2 of Tarrant county, Tex., foreclosing its said chattel mortgage lien upon said casing and thereafter bought the property in at sheriff's sale. That Robert R. Osborne, appellee, had attempted to purchase the oil well casing in question from other parties without recognizing the right of appellant therein and in disregard of appellant's title and interest therein. That appellee, furthermore, had definitely advised appellant that he owned full right and title in and to the casing in question and that he refused to recognize that appellant had any interest whatsoever. That by virtue of these facts the appellee Osborne had converted the casing belonging to appellant and which had a valuation of $2,000 at the time and place of its conversion. Appellant prayed that it recover of appellee judgment in the sum of $2,000, and in the alternative that it recover the casing itself in specie and for general relief.

The defendant Osborne answered by general demurrer and general denial.

The general demurrer was not urged and no order of the court was made disposing of it.

There was a trial to the court without the intervention of a jury, which resulted in a judgment in favor of Osborne.

The appellant introduced in evidence a chattel mortgage executed by Woodley Crude Oil Corporation to the appellant as mortgagee to secure the mortgagor's indebtedness to the mortgagee in the sum of $384, evidenced by a note for said sum, payable in Tarrant county, and as security gave a lien upon the casing above described. It next introduced in evidence a judgment rendered on the 5th day of June, 1931, in the county court at law No. 2 of Tarrant county, decreeing that appellant company recover of the Woodley Crude Oil Corporation the sum of $435, principal, interest and attorneys fees, as evidenced by the above-described note, together with all costs of suit and "foreclosure of the plaintiff's chattel mortgage lien on the following described property, to-wit: 1600 feet of 8 inch casing in the well located on an oil and gas lease covering the E. ½ of the N. E. ¼ of the N. E. ¼ of Sec. 47, Block 13 of the H. & G. N. R. R. Co. Surveys in Wheeler County, Texas," and the judgment further directs the issuance of an order of sale commanding the sheriff or any constable of said county to seize and sell the property as under execution in satisfaction of the judgment, and that such order of sale have all the force and effect of a writ of possession as between the parties to this suit and any person claiming under said defendant by rights acquired pending the suit; further decreeing that the officer executing the order of sale shall proceed by virtue thereof to place the purchaser of the property sold under the same in possession thereof within thirty days from date of sale.

Plaintiff next introduced the sheriff's bill of sale, dated the 30th day of April, 1932, which recites that by virtue of a certain order of sale issued out of the county court at law No. 2 of Tarrant County, in the state of Texas, in favor of the Keystone Pipe & Supply Company against Woodley Crude Oil Corporation, on a certain judgment rendered on the 5th day of June, 1931, commanding him

to seize and sell the hereinafter described property as under execution for the payment of the sum of $435, with interest and costs, that he did on the ——— day of ———, 1931, levy upon and take into his possession the property hereinafter described, and, after advertising the same as required by law, did on the 21st day of December, 1931, within the hours prescribed by law, at Wheeler, Tex., sell said property at public vendue when the same was struck off to Keystone Pipe & Supply Company, for the sum of $150; it being the highest bidder therefor. The instrument further recites: "Now, therefore, in consideration of the premises and the payment of said sum of One-Hundred-Fifty and no/100 Dollars, the receipt of which is hereby acknowledged, I, John Porter, Sheriff as aforesaid, have sold and by these presents do bargain, sell and deliver unto the said Keystone Pipe & Supply Co., all the right, title and interest which the said Woodley Crude Oil Corporation had on the 21st day of December, 1931, in and to the following described property, to-wit" (describing the 1,600 feet of 8-inch casing and its location, as is described in the mortgage and judgment).

A notice of constable's sale was also introduced in evidence, reciting that by virtue of an order of sale issued out of the Thirty-First judicial district court of Wheeler county on the 9th day of September, 1931, in the case of F. D. Rook v. Woodley Crude Oil Corporation, No. 2032, and to me as constable directed and delivered, I will proceed to sell for cash within the hours prescribed by law for constable's sales, on the 1st Tuesday in October, 1931, it being on the 6th day of said month, before the courthouse door of Wheeler county in the city of Wheeler, the following property: 1,620 feet of 8-inch pipe; said property being located and situated on said oil and gas leasehold estate above described (the N. E. ¼ of the N. E. ¼ of sec. 47, block 13, H. & G. N. R. R. Co. survey, Wheeler county, Tex.) levied upon on the 9th day of September, 1931, as the property of the Woodley Crude Oil Corporation to satisfy a judgment amounting to $339.75 in favor of F. D. Rook and costs of suit.

The appellant introduced the following letter written by appellee's counsel to it, on October 19, 1932:

"Gentlemen: Mr. Robert R. Osborne has referred to me for attention and reply your favor of the 4th inst. to himself relative to the 8-¼ inch casing in the Woodley Crude Oil Corporation well near Shamrock, which you stated in your letter was owned by you.

"In reply to your communication I beg to advise you that Mr. Osborne does not recognize your ownership of any pipe or any property of any kind in, upon or about this well, in that he purchased the same from F. D. Rook who, under date of Aug. 5, 1931, recovered judgment in the 31st Judicial District Court of Wheeler County against the Woodley Crude Oil Corporation for foreclosure of lien and who, under date of Oct. 6, 1931, purchased all of the property situated to and upon the leasehold estate, including the 8-¼ inch casing aforesaid, at sheriff's sale based upon the aforesaid judgment, and who received a deed therefor from the sheriff, which deed was filed for record on Nov. 10, 1931, at 3:30 o'clock P. M., and appears of record in Vol. 75 at page 419 of the deed records of Wheeler County, Texas.

"From an abstract in my possession I note that by sheriff's deed of date April 30, 1932, the sheriff of Wheeler County purported to sell and convey 1600 feet of 8 inch casing upon the leasehold in question to yourselves, and under and by virtue of an alleged order of sale issued out of the County Court at Law No. 2 of Tarrant County upon a judgment rendered in your favor against the Woodley Crude Oil Corporation, an abstract of which judgment was filed for record in Wheeler County on the 9th day of September, 1931.

"I assume that you claim your right to the casing in question by virtue of the sheriff's deed aforesaid. Of course, your rights, if any, are entirely subordinate to the rights of Mr. Osborne as acquired by him from the said F. D. Rook under the judgment and order of sale aforesaid and sheriff's deed in the year 1931.

"In view of the foregoing Mr. Osborne is not interested in purchasing your account and does not recognize you to have any interest whatsoever in any pipe upon the property."

It will be seen that the constable's notice of sale says that he will sell 1,620 feet of 8-inch pipe. The amount involved, according to the plaintiff's pleadings, is 1,600 feet. The constable's notice of sale further describes the 1,620 feet of pipe as being located on said oil and gas leasehold estate, the N. E. ¼ of the N. E. ¼ of section 47, block 13, H. & G. N. R. R. Co. surveys in Wheeler county, Tex. The property involved, according to the plaintiff's contention, was situated on the E. ½. No testimony was introduced which tended to show that the property described in the constable's notice of sale was the same casing upon which plaintiff's lien had been foreclosed. The let-

ter above set out was admissible and may be considered for the purpose of showing that Osborne was asserting a claim to the property involved in the suit to sustain the allegation of conversion. It can be considered for that purpose only. The statement therein that Osborne purchased the property from F. D. Rook, who under date of August 5, 1931, recovered judgment in the Thirty-First judicial district court of Wheeler county against the Woodley Crude Oil Corporation for foreclosure of lien and who under date of October 6, 1931, purchased all of the property situated to and upon the leasehold estate, including the 8¼-inch casing aforesaid at sheriff's sale, based upon the aforesaid judgment and who received a deed therefor from the sheriff, was wholly incompetent and inadmissible to prove the fact that Rook recovered the judgment or that he had a lien which was thereby foreclosed, or that the property was ever sold under the judgment or that he had a sheriff's deed to it. No issue was made by the pleadings of either party under which this part of the letter could have been admitted or considered as evidence. As stated above, the appellee filed only a general demurrer and a general denial. The only reference to the Rook deed is in paragraph 4 of appellant's petition, which is as follows: "On or about the 10th day of November, 1931, one F. D. Rook did record in the deed records of Wheeler County, Texas, a deed to the casing in question and thereafter the defendant did purchase from the said F. D. Rook this casing." The evident purpose of this allegation was, of course, to show an adverse claim by Rook in support of plaintiff's action for conversion. We seriously doubt whether under this allegation, considered with the appellee's general denial, a copy of the judgment, execution, sheriff's return thereon, and sheriff's deed, in order to show title in Rook, would have been admissible in evidence. However, that question is not before us.

It is certain that these facts stated in the letter written by appellee's attorney do not constitute evidence. In the first place, the statements are hearsay and cannot be considered for that reason. Again, it is a declaration not made by either the appellant or the appellee, but by appellee's counsel. Again, it was a self-serving declaration, and the statement itself shows that there is better evidence of the facts asserted, and therefore violates the best evidence rule.

The statement in the letter could not be considered to show adverse title in the appellee because he asserted no title in his pleadings, and evidence which has been introduced upon an issue not made by the pleadings is wholly irrelevant and is, in fact, no evidence. If Osborne had written the letter himself, it would have been inadmissible as self-serving and hearsay. It is stated that hearsay evidence is no evidence at all. Seale v. Schultz (Tex. Civ. App.) 3 S.W.(2d) 563. Whether admitted over or without objection, it is incompetent and without probative force. Hargis v. Moxon (Tex. Civ. App.) 34 S.W.(2d) 353; Shelton v. Thomas (Tex. Civ. App.) 11 S.W. (2d) 254. It should have been disregarded by the trial court, McBeath v. Campbell (Tex. Civ. App.) 4 S.W.(2d) 999; Id. (Tex. Com. App.) 12 S.W.(2d) 118, and, of course, will not support a finding of fact by the court. Hargis v. Moxon, supra; Donnell v. Baker (Tex. Civ. App.) 15 S.W.(2d) 120; Shelton v. Thomas, supra. A judgment based on such a finding is erroneous, Donnell v. Baker, supra; and such evidence cannot be considered by or form the basis of a finding of fact in the appellate court. Conyer v. Burckhalter (Tex. Civ. App.) 275 S. W. 606; Margules v. Terry (Tex. Civ. App.) 273 S. W. 690. It is not even competent as secondary evidence. 17 Tex. Jur. § 211. It is further held that "evidence which is inherently incompetent is without probative force and whether admitted over objection or otherwise, will not support a verdict or a finding of fact or form the basis of a finding of facts in an appellate court." 17 Tex. Jur. § 416; Henry v. Phillips, 105 Tex. 459, 151 S. W. 533, and numerous other authorities supporting the text.

■ Being a self-serving declaration made by appellee's counsel and an unsworn statement foreign to any issue made by the pleadings, and clearly indicating that better evidence of the facts stated might have been produced, it follows that the findings of the trial judge with reference thereto are unsupported, and the propositions attacking such findings must be sustained. While the letter refers to a judgment rendered in the Thirty-First judicial district court between Rook and the Woodley Company, the trial judge could not in support of his findings take judicial notice of the record in the Rook case, although it might have been tried before him. The appellant was in no sense a party to that suit nor privy thereto, and the findings cannot be sustained upon the ground of judicial notice. First State Bank v. Jackson (Tex. Civ. App.) 13 S.W.(2d) 979; Short v. Blair & Hughes Co. (Tex. Civ. App.) 230 S. W. 427; Taylor v. Shelton, 63 Tex. Civ. App. 626, 134 S. W. 302.

■ As an evidence of any right in Osborne, the letter cannot be considered. Without it the record shows that appellant had a prior

lien which had been duly foreclosed and the property sold and conveyed to it by the sheriff as required by R. S. art. 3816. We think the effect of these facts is to vest title to whatever casing there was in the well. The record further shows that Rook had obtained a deed which probably included the casing in question, from some unnamed person on November 10, 1930, and had thereafter sold the casing to Osborne. These facts appear from the petition of appellant which appellee introduced in evidence. There is no claim and no proof of any lien in support of the Rook transaction, and it is therefore necessarily subject to the prior recorded chattel mortgage held by appellant, of which they had constructive notice. The foreclosure by appellant merged this lien into a title to the property. 9 Tex. Jur. 188 § 84. Even if it be admitted that Rook and Osborne acquired title to the leasehold, they could acquire none to the casing as against appellant's lien. Moore v. Carey Bros. Oil Co. (Tex. Com. App.) 269 S. W. 75. The substance of the title passed to appellant by virtue of the sale and purchase under its execution. Bendy v. W. T. Carter & Bro. (Tex. Civ. App.) 5 S.W.(2d) 579; Keystone P. & S. Co. v. Milner (Tex. Civ. App.) 297 S. W. 1089. R. S. art. 3797 provides that chattels mortgaged as security for any debt may be levied upon and sold on execution against the person making the mortgage subject thereto, and that the purchaser shall be entitled to the possession on complying with the conditions of the mortgage. The effect of the record is to show that the appellant had acquired the legal and equitable title to the property by a foreclosure proceeding, but that the sheriff had failed to deliver possession, presumably on account of the fact that the casing was still in the well. The right of possession is the issue between the parties.

■ Appellant prayed in the alternative that it have judgment for the specific property. In order to be entitled to such relief it was not required to prove that there were 1,600 feet of the casing in the well. The testimony shows that some of the casing was sticking out of the ground several feet. A judgment in its favor for the specific property would have entitled it to possession of whatever amount of casing was found to be in the well. The appellant did not introduce the execution, and the sheriff's return under which it purchased the property, but in view of the recitals in the bill of sale we think this was unnecessary.

■■ We do not find any evidence sustaining the court's findings and conclusions that the sale under execution to appellant was void. It was not shown when the execution was issued nor when it was made returnable. The Tarrant county court at law No. 2, out of which the writ issued, is a county court. State v. Valentine (Tex. Civ. App.) 198 S. W. 1006. In creating the court the Legislature did not fix the time for holding its terms, and presumably the time has been fixed by the commissioners' court of Tarrant county, and no order to that effect appears in the record. In the absence of any evidence showing the invalidity, the presumption is that the sale was made in due time and was valid. Holloway v. McIlhenny Co., 77 Tex. 657, 14 S. W. 240; Anderson v. Casey-Swasey Co. (Tex. Civ. App.) 120 S. W. 918.

■ While the plaintiff alleges that the casing at the time of its conversion was of the value of $2,000, the court cannot assume from that fact that such was its value at the time of the foreclosure of the chattel mortgage lien in the county court at law.

The appellant's propositions in the main attack the court's findings as being unsupported by the evidence. In view of the fact that the judgment must be reversed and the cause remanded for another trial, it would not be proper for us to discuss these findings.

■ In view of the fact that the casing in the well is probably of greater value than the amount of appellant's debt, we think the ends of justice will be subserved by reversing the judgment and remanding the cause, rather than rendering a judgment here decreeing that appellant recover the casing in specie, and for the further reason that the appellee's claim was not shown either by pleadings or competent proof to be superior to the rights of appellant.

Reversed and remanded.