## LINDQUIST v. SANFORD.

### No. 10535.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 13, 1939.

Rehearing Denied Oct. 18, 1939.

Weatherly & Weatherly, of Falfurrias, for appellant.

Perkins & Floyd and Frank T. Morrill, all of Alice, for appellee.

SLATTON, Justice.

Grady Holland Sanford sued in trespass to try title. Joseph Lindquist and his attorney answered by pleading the ten year statute of limitations (Vernon's Ann.Civ.St. art. 5510) together with other pleas. A jury, in answer to a special issue, found against Lindquist and his attorney, and judgment was rendered in accordance with the verdict. Lindquist alone appeals.

It is claimed that the court erred in overruling a motion for a directed verdict of the appellant.

The appellee offered evidence to the effect that A. W. and H. G. Seeligson and other members of the Seeligson family were in possession of a large tract of land which included the land in suit in the year 1883 or 1884, which continued until November 1, 1907, at which time the Seeligsons conveyed it to R. P. Haldeman. The land was under fence and was used for grazing purposes. The tract was subdivided; one of the tracts being known as Lindaro which included the land in suit. The said R. P. Haldeman resubdivided the tract of land, and on the 26th day of September, 1913, conveyed a portion of the land to W. B. Sanford, which included the land in suit. The appellee acquired the land by will from his deceased father, W. B. Sanford; a patent and judgment of confirmation was adduced by the appellee. Thus the appellee connected himself by a regular chain of title duly recorded with the prior possession of the Seeligsons.

The reason upon which the appellant claims that his motions should have been sustained is that the evidence fails to show prior possession in appellee at the time of appellant's entry upon the land. We overrule the contention upon the authority of the following cases: Robinson v. Randell, Tex.Civ.App., 211 S.W. 625, writ refused; Boyd v. Miller, 22 Tex.Civ.App. 165, 54 S.W. 411, writ refused; Buie v. Penn, Tex. Civ.App., 172 S.W. 547, writ refused; Saxton v. Corbett, Tex.Civ.App., 122 S.W. 75, writ refused.

The expressions contained in the opinions cited by the appellant seem to support his contention, but a consideration of the facts in each of the cases fails to show that it was necessary to so hold in either of the cases. Street Realty Co. v. Brown, Tex.Civ.App., 291 S.W. 580; Romine v. Littlejohn, Tex.Civ.App., 106 S.W. 439; Rutledge v. Mitchell, Tex.Civ.App., 91 S.W.2d 1135.

Moreover, the cases have not been approved by the Supreme Court, while the cases upon which the appellee relies have the approval of our Supreme Court, by the refusal of applications for writ of error.

By his second proposition appellant claims that the trial court erred in not granting him a new trial, because it is said that counsel for appellee, without the knowledge of counsel for appellant, caused the appellant to remain away from the trial during its progress, thereby depriving him of his own testimony, and in commenting in the argument to the jury on the appellant's failure to attend the trial.

The appellant was present upon the trial on the first day, and was called by the appellee to testify on the second day of the trial but was not present. He was in the city of Alice when the trial was conducted, on the day the evidence was closed, and the arguments were concluded. His attorneys did not call him to testify, nor ask the court for a recess until his attendance could be procured. The attorneys for appellant did not object to the comment in the argument of counsel for appellee to the effect that appellant was not present. The deposition of appellant was taken by the appellee before the trial began and was offered in evidence by the appellant's counsel.

The trial court heard evidence upon the motion for a new trial. Briefly, it may be stated that one of the neighbors of appellant, who had purchased land from appellee's father and was a witness in the case during the first day of the trial, talked with appellee's counsel and appellee with regard to a settlement of the case between the parties. The appellee's counsel advised the witness that a settlement could not be made with the appellant, similar to the one which had been made with the witness, because appellant had given his lawyer a deed to some of the land in suit. Counsel for appellee said to the witness that Mr. Sanford (appellee) did not wish

to be hard on any one and if this suit was dropped and this limitation claim was dropped he believed Mr. Sanford would make some trade with young Lindquist the same as he had the other people. The evidence is unsatisfactory as to what the witness said to the appellant in regard to the conversation between the witness and appellee's counsel. If the appellant absented himself from the trial in order to be able to make some sort of a settlement of the case, he is in a poor position to seek a new trial based upon his own conduct, unless such conduct was brought about by fraud, accident or mistake. If the appellant intended by his absence to deprive his counsel of his presence and testimony, to the end that the land which he had conveyed to his lawyer would not be recovered, thereby enabling appellant to make a settlement with appellee, the same becomes immaterial here, because appellant's lawyer did not appeal from the judgment which denied him a recovery of the land. So the appellant finds himself in the novel position of seeking a new trial on his own conduct. The evidence upon the motion for a new trial amply supports the trial court's implied findings to the effect that appellant was not induced to remain away from the trial by the conduct of appellee or his counsel. This being true he is in no position to assert error either as to his absence at the trial or that counsel for appellee commented on such absence in the argument to the jury.

■ It is next insisted that counsel for appellee was guilty of misconduct in his argument to the jury. The bill of exception presenting this matter shows that no objections were made to such arguments at the time and that some of the arguments to which complaint is made were in answer to the argument of counsel for appellant. The argument complained of, which was provoked by the appellant's attorney, is controlled by the case of Texas & P. Ry. Co. v. Garcia, 62 Tex. 285. The remaining argument is controlled by the case of Robbins v. Wynne, Tex.Com.App., 44 S.W.2d 946.

■■ It is next insisted that the court erred in sustaining the objection of appellee to a letter dated November 11, 1937, from Weatherly (counsel for appellant) to appellant, which was offered in evidence by appellant. The letter was hearsay, self-serving and inadmissible. Keystone Pipe & Supply Co. v. Osborne, Tex.Civ.

App., 73 S.W.2d 120. The appellant contends that even though the letter was not admissible at the time it was offered, it became relevant and material after other evidence was introduced during the trial. The answer to this contention is contained in the court's qualification of the bill, to-wit, that the letter was not reoffered.

■ The fifth and sixth propositions assert that the trial court should have directed a verdict for appellant. These are founded upon the claim that the undisputed evidence showed a perfect title under the ten-year statute of limitation. In passing upon these propositions we must apply the well recognized rules as stated in the case of Wininger v. Fort Worth & D. C. R. Co., 105 Tex. 56, 143 S.W. 1150.

The appellant, by the instrument dated January 13, 1925, acknowledged the title to the land was owned by W. B. Sanford. Another witness testified that appellant stated in her presence that he had a contract with Mr. Kemp to buy the land. Other witnesses gave evidence to the effect that they had lived in the community for a long time, knew the land and the appellant, and had never heard of appellant claiming the land. We are of the opinion that the trial court correctly submitted the case to the jury, hence there was no error in refusing to direct a verdict for the appellant. See Thompson v. Moor, Tex.Com.App., 14 S.W.2d 803.

■ The seventh and eighth propositions complain of the action of the court in overruling the appellant's motion to strike the instrument dated January 13, 1925, signed by the appellant. The instrument was a proposed contract of sale and purchase covering a part of the land in controversy. The same was signed by the appellant, but not signed by the seller. The appellee does not claim any rights under the instrument and cannot well do so, because it was not a completed contract, but the admission contained therein was relevant upon the vital issue of whether appellant's possession of the land was adverse or in recognition of the superior title in some one else. Satterwhite, et al. v. Rosser, 61 Tex. 166. The authority upon which the appellant relies is the case of Daughtrey v. New York & T. Land Co., Tex.Civ.App., 61 S.W. 947. In that case the instrument was signed in 1882 and the entry of the limitation claimant was made in the year 1888. It was there said that the agreement did not tend in any manner

to break the adverse possession of the land in controversy, because the adverse possession began after that time. In the present case the acknowledgment of a superior title in another being made on January 13, 1925, and the entry being made during the latter part of the same year or the early part of 1926, by the appellant, the limitation claimant, we are of the opinion that such acknowledgment of the appellant was sufficiently close in point of time to his entry upon the land to be admissible in evidence against him. See the Thompson case, supra, and authorities therein cited.

Finally, it is contended that the court admitted certain evidence over the objection of appellant that the same was immaterial and irrelevant. The objections were too general and were not made until the evidence had been received. No motions were made to exclude the evidence. Hence the appellant is in no position to here complain. Missouri, K. & T. Ry. Co. v. Johnson, Tex.Civ.App., 126 S.W. 672, writ refused; Street et al. v. Masterson et al., Tex.Civ.App., 277 S.W. 407.

The judgment is affirmed.